PANITCH & RACHINSKY, LLC
RICHARD S. PANITCH (RP1678)
330 Milltown Road, Suite W-11
East Brunswick, NJ 08816
(732) 257-3334
Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KENT MITCHELL, DONNA MITCHELL, ZINDELL MITCHELL, JAAHSON MITCHELL, *Plaintiffs,* v. CITY OF NEWARK, NEWARK POLICE DEPARTMENT, POLICE OFFICER A. LIMA, DETECTIVE GONZALEZ, DETECTIVE CLARKIN, and JOHN and JANE DOES, 1-50 (names being fictitious and unknown), *Defendants.* | DOCKET NO.: CIVIL ACTION **COMPLAINT AND JURY DEMAND** |

Plaintiffs, Kent Mitchell ("Kent"), Donna Mitchell ("Donna"), Zindell Mitchell ("Zindell"), and Jaahson Mitchell ("Jaahson"), by way of complaint against the defendants allege as follows:

**VENUE AND JURISDICTION**

1. This is a civil action brought pursuant to 42 U.S.C. 1983 ("1983") et. seq., 42 U.S.C. 1988, et. seq. and related federal laws which provide a remedy in federal court to redress the deprivation of plaintiff's constitutional and civil rights. This action is also brought pursuant to

-1-

New Jersey common law. Jurisdiction in this Honorable Court is premised upon 28 U.S.C. 1331(a) and 1343(1) and 28 U.S.C. 1367 which permits the Court to assume pendent jurisdiction over plaintiff's state law claims. The amount in controversy exceeds $100,000 exclusive of interests and costs. The claims seeking relief under state law claims arise out of the same nucleus of operative facts as the federal question claims. Venue is properly laid in the District of New Jersey, the District in which all applicable actions and the conduct of the parties took place.

## THE PARTIES

2. Plaintiff, Kent, is an individual whose address is 582 Sanford Avenue, City of Newark, County of Essex and State of New Jersey.

3. Plaintiff, Donna, is an individual whose address is 582 Sanford Avenue, City of Newark, County of Essex and State of New Jersey. Donna at all relevant times was the wife of the plaintiff, Kent.

4. Plaintiff, Zindell, is an individual whose address is 582 Sanford Avenue, City of Newark, County of Essex, and State of New Jersey.

5. Plaintiff, Jaahson, is an individual whose address is 582 Sanford Avenue, City of Newark, County of Essex, and State of New Jersey.

6. Defendant Newark Police Department (hereinafter "Police Department") is established pursuant to the laws of the State of New Jersey, and is located in the City of Newark, County of Essex, State of New Jersey. The Police Department is liable for the acts of the defendants alleged herein either as the direct employer of the defendants, the direct-acting party or as a responsible party of the acts of its employees under the doctrine of Respondent Superior.

7. Defendants City of Newark and the Newark Police Department are a principal entity and/or governmental agency and/or department. These defendants act under the authority of State law to provide law enforcement services to the residents of the City of Newark.

8. The City of Newark is and was a political subdivision of the State of New Jersey and is ultimately responsible for the conduct of the other defendants.

9. Defendant Police Officer A. Lima ("Lima") is and was at all appropriate times a Police Officer for the Newark Police Department. All actions alleged against Lima herein were carried out by Lima under color of state law and as an officer and/or official of the City of Newark Police Department. He is sued in his individual and official capacity.

10. Defendant Detective Gonzalez ("Gonzalez") is and was at all appropriate times a Detective for the Newark Police Department. All actions alleged against Gonzalez herein were carried out by Gonzalez under color of state law and as an officer and/or official of the City of Newark Police Department. He is sued in his individual and official capacity.

11. Defendant Detective Clarkin ("Clarkin") is and was at all appropriate times a Detective for the Newark Police Department. All actions alleged against Clarkin herein were carried out by Clarkin under color of state law and as an officer and/or official of the City of Newark Police Department. He is sued in his individual and official capacity.

12. At all relevant times, defendants, John and/or Jane Does 1-50 ("Does") and/or ABC Companies, 1-50 ("ABC") are entities and/or individuals that were employees and/or agents of the City of Newark and/or Police Department, and who acted under the color of state authority in the discharge of his/her duties and functions in their official capacity. These defendants are sued in their individual and official capacities.

## FACTS

13.     At approximately 4:45 pm on March 21, 2005 an alleged shooting took place in and around the neighborhood of Sanford Avenue, City of Newark, County of Essex, and State of New Jersey.

14.     The Plaintiffs were in no way involved in the circumstances involving the alleged shooting. All of the Plaintiffs were at home at the time of the alleged shooting.

15.     Members of the Police Department came on to the front porch of Plaintiff's home at 582 Sanford Avenue and demanded entrance. When Plaintiff Kent inquired as to the cause for entrance defendants threatened to "blow his brains out" if Plaintiff Kent did not let Officers into the House. The Police Officer on the Front Porch had his sidearm unholstered while making this threat.

16.     Defendants threatened Plaintiffs Kent and Donna with arrest if they did not allow the defendants to enter the Plaintiffs' home.

17.     Out of fear Plaintiff acquiesced to defendants demand. Subsequently defendants searched the Plaintiffs' property.

18.     Defendants removed the plaintiffs' two minor children at the time, plaintiffs Zindell and Jaahson and placed them in a police vehicle for questioning without a parent and/or an adult present.

19.     As a result of the conduct of the above defendants, the plaintiff Kent had to incur the fear, shame and emotional distress of having been threatened with violence and arrest, of having his home searched and of having his children removed from the home and separated from him.

20. As a result of the conduct of the above defendants, the plaintiff Donna had to incur the shame and emotional distress of having her home searched and her husband threatened with arrest and violence and her children being removed from the home and separated from her.

21. As a result of the conduct of the above defendants, the plaintiff Zindell had to incur the shame and emotional distress of having her home searched and being removed from the home and separated from her parents as a minor

22. As a result of the conduct of the above defendants, the plaintiff Jaahson had to incur the shame and emotional distress of having his home searched and being removed from the home and separated from his parents as a minor.

23. As a result of the defendants' conduct, plaintiffs suffered permanent and severe injuries, had their reputation defamed and/or incurred emotional distress.

24. The Police Officers never produced a warrant to search the plaintiffs' premises

25. None of the plaintiffs were ever charged with a crime arising out of the alleged shooting which took place in their neighborhood.

26. The plaintiffs timely served a Notice of Tort Claims against the defendants.

### FIRST CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. § 1983

27. Plaintiffs repeats each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

28. Defendants City of Newark, Police Department, Lima, Gonzalez, Clarkin, Does and/or ABC both in their official and individual capacities, conspired with one another and

acting under color of state law to deprive plaintiffs their constitutional and civil rights by, among other things:

    a. Unlawful and excessive use of force against plaintiffs to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution;

    b. Depriving plaintiff of his/her rights as guaranteed by the United States and/or New Jersey Constitution;

    c. Detention of plaintiffs without probable cause

29. The above acts constitute a violation of the Civil Rights Act, 42 U.S.C. § 1983, for a violation of one's civil rights under the color of state law.

30. As a proximate result of the aforementioned acts, plaintiffs have suffered severe and permanent injuries and were forced to endure suffering and emotional distress and mental anguish and a total deprivation of their constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution as well as deprivation of their rights pursuant to the New Jersey Constitution. Plaintiffs incurred emotional distress and had their reputation damaged based upon being threatened with violence and arrest and by having their home searched and the then minor plaintiffs being separated from the adult plaintiffs and questioned by the defendants as a result of the wrongful conduct of The City of Newark, Police Department, Lima, Gonzalez, Clarkin, and/or Does.

31. Plaintiffs' claims damages from the conduct set forth above.

**SECOND CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. § 1983**

32. Plaintiffs repeat each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

33. Defendants City of Newark, Police Department, and/or Does deprived plaintiff of his constitutional rights by, among other things,

   a. Failing to properly train police officers;

   b. Failing to supervise/control subordinates with a history of misbehavior;

   c. Failing to correct the unconstitutional practices of subordinates; and

   d. Improperly screening, hiring, training, supervising, disciplining, and retaining of officers.

34. The above acts constitute a violation of the Civil Rights Act, 42 U.S.C. § 1983, for a violation of one's civil rights under the color of state law.

35. As a proximate result of the aforementioned acts, plaintiffs suffered severe and permanent damages and incurred emotional distress and mental anguish and a total deprivation of their constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution and/or the New Jersey Constitution. Plaintiffs incurred emotional distress and had their reputation damaged based upon being threatened with violence and arrest and by having their home searched and the then minor plaintiffs being separated from the adult plaintiffs and questioned by defendants as a result of the wrongful conduct of The City of Newark, Police Department, Lima, Gonzalez, Clarkin, and/or Does.

36. Plaintiffs' claims damages from the conduct set forth above.

## THIRD CAUSE OF ACTION

### FALSE ARREST, FALSE IMPRISONMENT AND MALICIOUS PROSECUTION

37. Plaintiffs repeat each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

38. The abuse of plaintiff by defendants constitutes false arrest and false imprisonment.

39. Defendants are liable for the false arrest, false imprisonment and/or malicious prosecution of plaintiff as it was their wrongful conduct which caused the above acts to occur.

40. As a proximate result of the aforementioned acts, plaintiffs have suffered severe and permanent damages and incurred emotional distress and mental anguish and a total deprivation of their constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution and/or the New Jersey Constitution. Plaintiffs incurred emotional distress and had their reputation damaged based upon being threatened with violence and arrest and by having their home searched and the then minor plaintiffs being separated from the adult plaintiffs and questioned by defendants as a result of the wrongful conduct of The City of Newark, Police Department, Lima, Gonzalez, Clarkin, and/or Does.

41. Plaintiffs' claims damages from the injuries set forth above.

## FOURTH CAUSE OF ACTION

### NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiffs repeat each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

43. The abuse of plaintiffs by defendants constitutes a negligent or intentional infliction of emotional distress against plaintiffs herein.

44. As a proximate result of the aforementioned acts, plaintiffs have suffered severe and permanent injuries.

45. As a proximate result of the aforementioned acts, plaintiffs suffered severe and permanent damages and incurred emotional distress and mental anguish and a total deprivation of their constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution and/or the New Jersey Constitution. Plaintiffs incurred emotional distress and had their reputation damaged based upon being threatened with violence and arrest and by having their home searched and the then minor plaintiffs being separated from the adult plaintiffs and questioned by defendants as a result of the wrongful conduct of The City of Newark, Police Department, Lima, Gonzalez, Clarkin, and/or Does.

46. As a result of the wrongful conduct of The City of Newark, Police Department, Lima, Gonzalez, Clarkin, and/or Does.

47. Plaintiffs claim damages from the injuries set forth above.

## FIFTH CAUSE OF ACTION

### NEGLIGENCE

48. Plaintiffs repeat each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

49. The above-referenced acts and omissions of the defendants were negligent.

50. As a proximate result of the aforementioned acts, plaintiffs have suffered severe and permanent injuries.

51. As a proximate result of the aforementioned acts, plaintiffs suffered severe and permanent damages and incurred emotional distress and mental anguish and a total deprivation of their constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution and/or the New Jersey Constitution. Plaintiffs incurred emotional distress and had their reputation damaged based upon being threatened with violence and arrest and by having their home searched and the then minor plaintiffs being separated from the adult plaintiffs and questioned by defendants as a result of the wrongful conduct of The City of Newark, Police Department, Lima, Gonzalez, Clarkin, and/or Does.

52. Plaintiff claims damages from the injuries set forth above.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs, prays for judgment against defendants, including but not limited to:

a. An award of compensatory damages, and punitive damages;

b. An award of attorney's fees and all costs of court; and

c. Any other award and equitable relief allowed by statute, or pursuant to the equitable and just power of the Court to which plaintiff is entitled.

                                              PANITCH & RACHINSKY, LLC

                                              RICHARD S. PANITCH (RP1678)
Attorneys for Plaintiffs

By:   s/Richard S. Panitch
      RICHARD S. PANITCH
      A Member of the Firm

Dated: March 19, 2007

-10-

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

                PANITCH & RACHINSKY, LLC

                RICHARD S. PANITCH (RP1678)
                Attorneys for Plaintiffs

        By:   s/Richard S. Panitch
              RICHARD S. PANITCH
              A Member of the Firm

Dated: March 19, 2007


## DESIGNATION OF TRIAL COUNSEL

Please take notice that Richard S. Panitch, Esquire, is designated as trial counsel.

                PANITCH & RACHINSKY, LLC

                RICHARD S. PANITCH (RP1678)
                Attorneys for Plaintiffs

        By:   s/Richard S. Panitch
              RICHARD S. PANITCH
              A Member of the Firm

Dated: March 19, 2007

## **CERTIFICATION**

The undersigned hereby certifies that there are no other civil actions or arbitrations pending in any Court or jurisdiction arising out of the facts and circumstances alleged herein to the best of my knowledge, information and belief. I certify that the foregoing statements are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                         PANITCH & RACHINSKY, LLC
                                         RICHARD S. PANITCH (RP1678)
                                         Attorneys for Plaintiffs

                                By:   s/Richard S. Panitch
                                         RICHARD S. PANITCH
                                         A Member of the Firm

Dated: March 19, 2007