**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

(973) 645-2580

CHAMBERS OF
PETER G. SHERIDAN
JUDGE

MARTIN LUTHER KING, JR.
COURTHOUSE
P.O. BOX 999
NEWARK, NEW JERSEY 07101-0999

**October 2, 2008**

Gary S. Lipshutz
City of Newark Department of Law
920 Broad Street
Room 316
City Hall
Newark, NJ 07102

  Re: Mitchell v. City of Newark
     Docket No. 07-cv-1298
     Letter Opinion

Dear Mr. Lipshutz,

  Thank you for your motion for reconsideration. As you point out, my Order filed on September 9, 2008 (docket entry 21) requires clarification. It does not accurately reflect my reasons for denying your motion to quash service due to its lateness. Fed. R. Civ. Pro. 4(m).

  I denied the motion with regard to Officer Lima and Detective Clarken because the Court accepted the affidavit of Edward Abraham, a process server, as true for purposes of the motion. As Mr. Abraham explained in his affidavit, he had "extreme difficulty with the Newark Police Department" in effectuating service. On many occasions when he went to the police station, he "had been told that either the officers were not on duty or [he] was give a time when they would be there. When he arrived at the designated time, [he] would be told that they were not there." In short, Mr. Abraham got the proverbial "run around."

Gary S. Lipshutz
October 2, 2008
Page 2

Often law enforcement officials must compel witnesses and parties to appear in court to testify in criminal and civil cases. In federal court, United States Marshals are sometimes required to serve process. In order for the judicial system to function, reasonable cooperation in effectuating service is necessary and expected. In my view, police officers should treat other process servers in the same manner as they wish to be treated in such matters. That is, with a modicum of fairness, respect and courtesy. Apparently, this did not occur here.

This proposition may be extended another step in this case. Counsel could have accepted service on behalf of the police officers. Fed. R. Civ. Pro 4(d). Such action would have (1) prevented delay in prosecution of this case for nearly 18 month; (2) set an example for others; (3) promoted civility among lawyers; and (4) fostered the efficient handling of cases by the judiciary.

Paragraph (g) of the September 9, 2008 Order is vacated; and all other provisions of said Order remain in full force and effect.

Thank you for your attention to this matter.

Very truly yours,

Peter G. Sheridan, U.S.D.J.